**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

JAMI SARGENT,

Plaintiff,

v.

COMMONWEALTH OF PENNSYLVANIA, et al.,

Defendants.

CIVIL ACTION NO. 3:13-CV-00730

(MEHALCHICK, M.J.)

**MEMORANDUM**

Plaintiff Jami Sargent has filed a 42 U.S.C. § 1983 action against Defendant Corporal Joseph Kulick, for his alleged use of excessive force in effectuating her arrest. Presently before the Court is Defendant's motion in limine to preclude Plaintiff's expert witness, R. Paul McCauley, from testifying in the area of force tactics. (Doc. 87). For the reasons provided herein, the Court will grant Defendant's motion in part.

A district court "has broad discretion in determining the admissibility of evidence, and 'considerable leeway' in determining the reliability of particular expert testimony . . . ." *Walker v. Gordon*, 46 F. App'x 691, 694 (3d Cir. 2002). In performing the role of "gatekeeper," a trial court must consider "'whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue.'" *Walker v. Gordon,* 2002 WL 31059157 *2 (3d Cir.) (*Daubert v. Merrell–Dow Pharmaceuticals,* 509 U.S. 579, 592 (1993)). "These gatekeeping requirements have been extended to apply to all expert testimony." *Walker,* 46 F. App'x at 694.

The admissibility of expert opinion testimony at trial is governed by Rule 702 of the Federal Rules of Evidence. Rule 702 provides the following:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.
>
> Fed.R.Evid. 702.

Rule 702 "embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit." *Schneider ex rel. Estate of Schneider v. Fried,* 320 F.3d 396, 404 (3d Cir. 2003) (citations omitted). To be qualified, the witness must possess a "broad range of knowledge, skills, and training" to qualify as an expert. *In re Paoli Railroad Yard PCB Litigation,* 35 F.3d 717, 741-43 (3d Cir. 1994). To be reliable, the testimony must "be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation.'" Regarding the "fit" element of the analysis, an expert must "apply his experience reliably to the facts; his opinions must be well-reasoned, grounded in his experience, and not speculative." *Roberson v. City of Philadelphia,* Civ. A. No. 99–3574, 2001 WL 210294, at *4 (E.D. Pa. Mar.1, 2001) (internal quotation omitted).

Defendant argues that Plaintiff's expert, Dr. McCauley, should not be permitted to testify as to: (1) whether the force utilized by Defendant was excessive or unreasonable, and (2) what Dr. McCauley believes Defendant could have or should have done under the circumstances. The Court considers each of Defendant's arguments in turn.

1. <u>**TESTIMONY PERTAINING TO REASONABLENESS OR EXCESSIVENESS OF FORCE USED**</u>

Defendant challenges the admissibility of the proffered expert testimony with respect to opinions of whether Defendant's use of force was excessive or unreasonable under the circumstances. Plaintiff concedes that certain excerpts from the testimony of Dr. McCauley

should be edited from the video to be presented at trial. Specifically, in response to the question of whether the trooper's actions presented in a hypothetical scenario mirroring the case at hand was "consistent and in line with standard police procedures," Dr. McCauley answers "No. I think it was unreasonable and contrary to accepted police practices." (Doc. 88-1, at 21). Plaintiff concedes here that the words "unreasonable and" should be omitted from the testimony. Moreover, when asked, "Given the same hypothetical situation, was the trooper's actions excessive in terms of use of force?," Dr. McCauley responds: "It was unnecessary and, therefore, excessive, yes." (Doc. 88-1, at 22). Plaintiff avers that this question and answer should be omitted from the testimony presented to the jury.

An expert should not be permitted to testify as to an ultimate legal conclusion in the case, "as to do so would improperly invade the province of the court and the jury." *Toscano v. Case*, No. CIV.A. 11-4121 FSH, 2013 WL 5333206, at *8 (D.N.J. Sept. 20, 2013) (citing *AT & T Corp. v. JMC Telecom, LLC*, 470 F.3d 525, 534 (3d Cir. 2006)). Indeed, "[a]ny testimony that the [d]efendant's use of force was unreasonable under the circumstances or that the [d]efendant unreasonably seized the [p]laintiff would be instructing the jury what result to reach and would be expressing a legal conclusion." *Burger v. Mays*, 176 F.R.D. 153, 156 (E.D. Pa. 1997) (citing *Wells v. Smith,* 778 F. Supp. 7, 8 (D. Md. 1991) (the question of whether the police officer's use of force was reasonable is "quintessentially a matter of applying the common sense and the community sense of the jury to a particular set of facts . . . It would interfere inappropriately with that judgment process ... to allow expert testimony as to what reasonableness is[.]")).

As the parties do not dispute that the excerpted portions of the testimony described above are illustrative of the type of testimony that are inappropriate and inadmissible, Dr. McCauley will not be permitted to testify that Defendant's use of force was unreasonable and

excessive under the circumstances, as such testimony "would invade the province of the jury." *Burger v. Mays*, 176 F.R.D. 153, 156 (E.D. Pa. 1997) (permitting Dr. McCauley to testify regarding whether defendant followed proper police procedures but refusing to allow Dr. McCauley to testify as to his opinion that defendant unreasonably seized the plaintiff, as such testimony would intrude upon the role of the jury to determine the ultimate issues in the case and would be expressing a legal conclusion).

**2. TESTIMONY WITH RESPECT TO PROPER PROCEDURES**

Defendant also asserts that Dr. McCauley's trial deposition testimony is replete with subjective, unsupported opinions regarding what Defendant could have or should have done under the circumstances. As an example, Defendant references the following question:

Q Doctor, based on your education, training, and experience in police practices and procedures, in the approximate 50-second period of time from when Jami Sargent left the vehicle to when Trooper Kulick forced her down, did Trooper Kulick have tactical options to deescalate the situation and use other tools than a forced uncontrolled takedown?

A Yes.

(Doc. 92-1, at 111).

Defendant argues that this excerpt of testimony is illustrative of inadmissible testimony that should not be presented to the jury, in that Plaintiff has opined about what a specific officer could have done or should have done, as opposed to offering broad hypotheticals. Plaintiff responds that an expert should be permitted to testify as to what proper police procedures are in apprehending a suspect; whether the defendant failed to follow proper police procedures; and the prevailing use of force standards. Thus, Plaintiff argues that Dr. McCauley's testimony of examples of methods of force available to Defendant during the incident, such as a "bear hug

straight arm bar; a push away and reactionary gap; an arm twist; a leg sweep; and use of a Taser" is permissible, as these examples do not intrude on the ultimate issue of excessive or unreasonable force, and are found on the use of force continuum, which is part of proper police standards.

With respect to this issue, the Court finds two cases particularly relevant. In *Jackson v. City of Pittsburgh, Pennsylvania*, the court held that:

> Despite the fact that [the expert's] presentation of the facts in his report resolves matters left for a jury determination, his opinions can be presented at trial if they are offered in response to properly formulated hypothetical questions. Said hypothetical questions must be founded on facts already in evidence and they must not be phrased in a manner requesting that the expert testify on the ultimate legal issue of whether the force used by the officers was "reasonable."

No. CIV.A. 07-111, 2010 WL 3222137, at *15 (W.D. Pa. Aug. 13, 2010). Moreover, in *Tschappat v. Groff*, the Court held that an expert was permitted to testify as to whether the defendant's conduct was in conformance with standard police procedures based on his extensive law enforcement background, as well as the prevailing use of force standards in the field of law enforcement. However, the expert was not permitted to testify as to whether the use of force in that case was unreasonable and excessive, as those were legal conclusions aimed to "dictate to the jury what result to reach." No. CIV.A. 3:CV-01-2279, 2004 WL 5509087, at *4 (M.D. Pa. June 2, 2004).

With these standards in mind, the Court finds that Dr. McCauley "should be allowed to testify as to . . . proper police procedures [in] apprehending a suspect[,] . . . whether [the defendant] failed to follow proper police procedures" and also "to the prevailing use of force standards." *Tschappat*, 2004 WL 5509087, at *4; *Burger v. Mays,* 176 F.R.D. 153, 157 (E.D. Pa. 1997) (holding that use of force expert may testify as to whether an officer's actions "were in

line with standard police procedures," but prohibiting testimony that the officer's actions were "unreasonable"). Indeed, Dr. McCauley's testimony concerning the use of force that would have been authorized in a situation like the one Defendant encountered is, in effect, testifying as to examples of standard police practices, as well as the proper level of force to be used by police in various situations, which is admissible. The Defendant would have the Court find that eliciting testimony as to the availability of less forceful or alternative maneuvers to effectuate arrest equates to a determination made by the expert that the force used was excessive. The Court disagrees.

Thus, so long as the questions posed and the answers to those questions omit any explicit reference to the reasonableness or excessiveness of the force used, such testimony will be permitted. *See Tschappat*, 2004 WL 5509087, at *4; *Jackson*, 2010 WL 3222137, at *15; *Burger,* 176 F.R.D. at 157; *Samples v. City of Atlanta*, 916 F.2d 1548, 1551 (11th Cir. 1990) (affirming the trial court's admission of "use of force" expert's opinion that the defendant officer's discharge of his firearm was reasonable when the plaintiff charged him with a knife because "the manner in which the expert answered the question, properly informed the jury that the expert was testifying regarding prevailing standards in the field of law enforcement.").

Accordingly, Defendants' motion in limine is granted in part and denied in part. Dr. McCauley's testimony is limited to the extent that it explicitly references the reasonableness or excessiveness of the force used. Dr. McCauley's testimony is permitted with respect to his knowledge, experience and law enforcement background; the prevailing use of force standards in the field of law enforcement; and whether the Defendant's use of force was in accord with the standardized police procedures given the facts of this case.

An appropriate Order follows.

**Dated:** October 26, 2015

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**